**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-6998**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDDIE JONES, JR.,

Defendant - Appellant.

_____

**No. 03-7622**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDDIE JONES, JR.,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (CR-96-79-BO; CR-96-79-5-BR; CA-00-42-5-BO)

_____

Submitted: August 13, 2004      Decided: September 17, 2004

_____

Before NIEMEYER, LUTTIG, and DUNCAN, Circuit Judges.

_____

No. 03-6998 dismissed; No. 03-7622 affirmed by unpublished per curiam opinion.

———————

Freddie Jones, Jr., Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In No. 03-6998, Freddie Jones, Jr., appeals from the district court's April 23, 2003, order denying Jones' motion challenging his sentence as an unauthorized and successive 28 U.S.C. § 2255 (2000) motion. In No. 03-7622, Jones appeals from the district court's October 10, 2003, order denying Jones' motion to alter or amend its April 23, 2003, order, and denying Jones' "Motion for Court Ordered Subpoenas," his "Motion for Judicial Notice of Undisputed Facts," and his "Motion to Strike or Opposition to the Government's Response." By order filed January 30, 2004, Jones' appeals were placed in abeyance for Jones v. Braxton, No. 03-6891. In view of our recent decision in Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004), we no longer find it necessary to hold this case in abeyance for Jones.

As to No. 03-6998, Jones cannot appeal the April 23, 2003, order unless a circuit judge or justice issues a certificate of appealability, and a certificate of appealability will not issue absent a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A habeas appellant meets this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 326 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee,

252 F.3d 676, 683 (4th Cir. 2001).  We have reviewed the record and conclude the district court's procedural ruling was proper; the court did not err in dismissing Jones' motion challenging his sentence as a successive and unauthorized 28 U.S.C. § 2255 motion; and Jones has not made the requisite showing for a certificate of appealability.  Accordingly, we deny a certificate of appealability and dismiss the appeal.  As to No. 03-7622, in which Jones challenges only the court's denial of his request for subpoenas, we affirm the district court's October 10, 2003, order, to the extent it denied Jones' motion for subpoenas.  See United States v. Jones, No. CR-96-79-BO (E.D.N.C., Oct. 10, 2003).  We deny Jones' motion to deconsolidate his appeals.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 03-6998 DISMISSED
No. 03-7622 AFFIRMED

- 4 -